IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH G. LUCAS, | ) |
| Plaintiff, | ) |
| vs. | ) 2:05cv1760<br>) **Electronic Filing** |
| COUNTY OF ALLEGHENY,<br>PENNSYLVANIA | ) Judge Cercone<br>) Magistrate Judge Caiazza |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 18th day of September, 2007, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on February 20, 2007, and parties' objections thereto, IT IS ORDERED that defendant's motion for summary judgment (Docket No. 25) be, and the same hereby is, granted in part and denied in part. The magistrate judge's report and recommendation (Docket No. 35) as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. At this juncture, plaintiff's burden is to "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). Plaintiff has not met his burden of showing that defendant's gender-neutral reason, that Latimer's experience with bankruptcy and immigration law made her the preferred candidate, could be found to be pretextual in reference to the MH/MR position.

Defendant asserts it made a subjective decision to hire Latimer because of her additional expertise; defendant did not require applicants to have bankruptcy and immigration experience, but from its perspective such experience made Latimer a more desirable candidate. That defendant valued Latimer for her experience in bankruptcy and immigration in addition to meeting the minimum qualifications does not imply or suggest that its decision was imbued with

discriminatory animus. Thus, plaintiff must satisfy his burden by other evidence that sufficiently undermines defendant's explanation or suggests that discriminatory animus was its true reason.

Plaintiff's attempt to analogize his situation with Waldron v. SL Industries, Inc., 56 F.3d 491 (3d Cir. 1995), is misplaced. In Waldron, the defendant's own conduct in replacing the plaintiff essentially demonstrated that it had not relied on the criterion it advanced for the adverse employment action. Unlike Waldron, defendant here has not asserted that bankruptcy and immigration experience was a key part of the MH/MR position. Instead, it has merely articulated the position that it viewed such additional experience as being valuable.

Nothing in the jurisprudence of discrimination law inhibits defendant's ability to give weight to Latimer's experience outside of the minimum requirements. The purpose of this area of the law is not to second guess or show that defendant made the wrong decision in choosing among qualified applications. See Keller v. Orix Credit Alliance, 130 F.3d 1101, 1109 (3d Cir. 1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination].") (quoting Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir. 1996)); Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) ("...plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent."). It is to identify claims that have a sufficient evidentiary basis to permit the finder of fact to consider whether the adverse employment action was motivated at least in part by improper discrimination.

Potence v. Hazleton Area High School District, 357 P.3d 366 (3d. Cir. 2005) likewise fails to support plaintiff's position. Unlike the defendant in Potence, which focused on the candidate's lack of a certification to handle refrigerants as its non-discriminatory explanation, plaintiff's lack of experience in bankruptcy and immigration was not the reason defendant cited for its decision not to hire plaintiff. Defendant has never suggested that plaintiff's lack of such experience rendered him unqualified for the MH/MR position. It was defendant's opinion that

Latimer's bankruptcy and immigration experience was valuable and plaintiff has provided no evidence that calls the very foundation of that explanation into question.

Additionally, plaintiff's argument that defendant's explanation is weak and inconsistent because defendant indicated that it would have hired him had he been overly impressive during the interview process is insidious. The argument is premised on nothing more than the notion that plaintiff was minimally qualified for the position and might have been the successful candidate had he done exceptionally well during the interview process. Such a proposition demonstrates nothing more than employers take into account their own assessments of a candidate's character and capabilities, which they are entitled to do, absent consideration of the select criteria made unlawful by federal law.

Plaintiff's claim under the Pennsylvania's Veteran's Preference Act, 51 Pa. C. S. § 7104(a) [herinafter "Act"] suffers from similar deficiencies. The Act's purpose "is not to place veterans in a better position than other applicants simply because they are veterans, Brickhouse [Brickhouse v. Spring-Ford Area Sch. Dist., 656 A.2d 483 (Pa. 1995)], but to provide a preference in the final selection process among candidates of comparable quality." Merrell v. Chartiers Valley Sch. Dist., 579 Pa. 97, 112 (Pa. 2004). Because defendant subjectively decided that Latimer had superior qualifications due to her experiences in a wider range of fields, the veteran's preference was not brought into play by defendant's decision.

Plaintiff cites an isolated remark made by an individual that was not in the position to make hiring decisions for the MH/MR opening in order to support his allegation of bad faith. It is well settled that such a statement has little to no probative value in proving improper motive. See Potence, 357 P.3d 366, 371 (3d. Cir. 2005) ("We have held that stray remarks by non-decisionmakers alone are insufficient to establish discriminatory intent."). Beyond this statement, plaintiff points to the fact that Wojcik told Latimer, plaintiff's co-worker at the time, not to discuss his decision to hire Latimer for the MH/MR position until the hiring process had been formally completed. Wojcik's decision to practice appropriate business etiquette during the

employment process hardly evidences a sinister intent to defeat a statutory mandate that comes into play where two candidates are viewed as being equally qualified. Because plaintiff has offered no persuasive evidence that defendant formulated the qualifications for the MH/MR position or administered them in such a way to displace or diminish the appropriate role of the veteran's preference, defendant is entitled to summary judgment on this claim as well.

Defendant's objections equally are without merit. Plaintiff has demonstrated that there are "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the [defendant's] proffered legitimate reasons for its actions" with regard to the CYF positions. Keller v. Orix Credit Alliance, 130 F.3d 1101, 1109-10 (3d Cir. 1997). Thus, there is sufficient evidence from which a jury could find that defendant's gender-neutral explanation for not hiring plaintiff for the CYF positions, that plaintiff failed to meet the minimum requirements or alternatively the candidates selected had qualifications superior to plaintiff, is pretextual.

As aptly noted by the magistrate judge, defendant's explanation is fraught with inconsistencies and sufficiently suspect. Contrary to defendant's arguments that the magistrate judge focused only on two key factors, the report and recommendation indicates that multiple factors properly must be taken into consideration in determining whether plaintiff's CYS claim survives summary judgment.

First, the record shows that when plaintiff initially applied for the CYF positions, his application clearly reflected that he lacked two years experience in social work or with the juvenile court. Defendant nevertheless indicated plaintiff was qualified for the opening and would be considered for the position. Defendant again failed to indicate to plaintiff that he lacked the requisite qualifications after plaintiff resubmitted his application for the positions upon defendant's request. Furthermore, the necessary qualifications that defendant listed on its website were not disclosed to plaintiff until after it told him he would be considered for the positions, and defendant never informed plaintiff that he was not qualified until after the positions had been filled. Formulating and applying the supposedly requisite qualifications in this manner raises a

material issue about whether defendant truly placed reliance on them.

In addition, a comparison between plaintiff and the successful candidates' qualifications raises additional questions about defendant's motivation. Defendant argues that plaintiff's lack of experience in social work or with the juvenile court and the selected candidates' possession of such experience was the decisive factor as to why plaintiff was not selected. However, one of the selected candidates, Ms. Quinn, also failed to meet the minimum requirements and had less litigation experience than plaintiff. Viewing the record in its entirety, defendant's proffered gender-neutral explanation for failing to hire plaintiff for one of the two CYF positions could be found to be inconsistent and contradictory and a pretext for unlawful discrimination. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994).

For the reasons set forth in the report and recommendation as augmented above, defendant's motion for summary judgment properly has been granted in part and denied in part.

*[signature: DSCercone]*

David Stewart Cercone
United States District Judge

cc:   Honorable Francis X. Caiazza
      United States Magistrate Judge

      Samuel J. Cordes, Esquire
      John E. Black, III, Esquire
      Ogg, Cordes, Murphy & Ignelzi
      245 Fort Pitt Boulevard
      Fourth Avenue
      Pittsburgh, PA 15222

      Caroline Liebenguth, Esquire
      Allegheny County Law Department
      300 Fort Pitt Commons
      445 Fort Pitt Boulevard
      Pittsburgh, PA 15219